IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT L. JENKINS # 38083**                                              **PETITIONER**

v.                                                                         Civil No. 1:15cv28-HSO-RHW

**RON KING and MARSHALL L. FISHER**                                        **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATIONS [24] OF MAGISTRATE JUDGE, DENYING PETITIONER'S MOTION TO STRIKE [19], AND STAYING THIS MATTER FOR CONSIDERATION OF SUPPLEMENTAL BRIEFING

BEFORE THE COURT is the Report and Recommendations [24] of United States Magistrate Judge Robert H. Walker, recommending (1) that the Court deny Petitioner's Motion [19] to Strike Respondents' Response in Opposition [18] and (2) that the Court deny habeas relief.  The Report and Recommendations [24] was entered on November 4, 2015.  Petitioner has filed Objections [25] to the Report and Recommendations, Respondents have filed an Opposition to [26] Petitioner's Objections, and Petitioner has filed a Reply [27].

Having considered the record and relevant legal authority, the Court will adopt the Report and Recommendations [24] in part, in that Petitioner's Motion to Strike [19] will be denied.  As to the recommendation that the Court deny habeas relief, the Court will stay this matter, in order to permit supplemental briefing upon resolution by the United States Court of Appeals for the Fifth Circuit of the case styled *Grim v. Epps*,  No. 15-60720 (5th Cir.) (appealing the judgment of the district court in *Grim v. Epps*, 2015 WL 5883163, *12 (N.D. Miss. Oct. 8, 2015)).

I.  BACKGROUND

Following a jury trial in the Circuit Court of Harrison County, Mississippi, Petitioner Robert Jenkins was found guilty of possession of cocaine in an amount of more than 0.1 gram but less than 2 grams, in violation of Miss. Code Ann. § 41-29-139.  *Jenkins v. State*, 102 So. 3d 1063, 1064 (Miss. 2012).  Petitioner was classified as a habitual offender and sentenced to life imprisonment.  *Id.* at 1065.

At Petitioner's trial, the State introduced a forensic laboratory report confirming that the substance Plaintiff possessed was cocaine, and that the substance weighed 0.1 gram—the minimum weight in the statutory range for the charged offense.  Obj. [25], at 1.  The technician from the Mississippi Crime Laboratory who weighed the substance, Alison Smith, did not testify at trial because she was on medical leave following a diagnosis of cancer and was therefore unavailable.  *Id.*; R. & R. [24], at 3.  Instead, the lab report was introduced through the testimony of a supervisor, Timothy Gross, who had also signed the report as a technical reviewer and confirmed the analytical result that the substance was cocaine.  R. & R. [24], at 3.  Gross testified that he did not, however, personally weigh the sample.  R. [16-4], at 78; Obj. [25], at 3.  The weight of the substance was an issue of signifigance at trial: at the close of the State's evidence, Petitioner's counsel moved for a directed verdict on grounds that the State had not specifically proven that the weight of the substance was 0.1 grams.  R. [16-4], at 79–80.  This motion was overruled, and the jury found Petitioner guilty.

After exhausting his remedies in State court, Petitioner filed a Petition [1] for

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on December 16, 2014. Petitioner claims that his Sixth Amendment right to confront the witnesses against him was violated when the trial court permitted the supervisor, Gross, to present testimonial evidence in place of the analyst, Smith, who actually performed the tests and weighed the sample. Pet. [1], at 5–6; Am. Pet. [5], at 6. Specifically, Petitioner argues that the Mississippi Supreme Court's decision that his Sixth Amendment rights were not violated was an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States in *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2710 (2011) (holding that "[t]he accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist."). Mem. Supp. Pet. [2], at 1–2.

Respondents filed an Answer [15] to the Amended Petition [5] on April 1, 2015. Petition filed a Rebuttal [17], on April 10, 2015. Respondents then filed an additional Response in Opposition to Petitioner's Rebuttal [18] on April 16, 2015.

Respondents' additional Response [18] became the subject of a Motion to Strike [19], filed by Petitioner. In the Motion to Strike [19], Petitioner argued that the additional Response [18] was not permitted by the Rules Governing Section 2254 Cases and moved the Court to strike the Response [18] or, alternatively to consider Petitioner's Reply to the Response [20], which was filed contemporaneously with the Motion to Strike. Respondents filed a Response [21] opposing the Motion

to Strike [19].

Petitioner also filed a Supplemental Reply to Respondents' Answer [22] on October 9, 2015, to notify the Court of new persuasive authority from the United States District Court for the Northern District of Mississippi, *Grim v. Epps*, 2015 WL 5883163, *12 (N.D. Miss. Oct. 8, 2015). Petitioner's Supplemental Reply [19] informed the Court that in *Grim*, the district court granted habeas relief under similar circumstances to the present case. On October 22, 2015, Respondents filed a Response to Petitioner's Supplemental Briefing [23], pointing out that the *Grim* decision is on appeal to the Fifth Circuit and arguing that this Court should "await the Fifth Circuit's decision on this issue." Supplemental Resp. [23], at 3. Respondents did not argue in supplemental briefing that this case is factually distinguishable from *Grim*. *Id.*

On November 4, 2015, the Magistrate Judge entered a Report and Recommendations [24], recommending that the Court (1) deny the Motion to Strike [19], and (2) deny habeas relief. Petitioner filed Objections [25] to the Report and Recommendations only as to the Magistrate's recommendation that habeas relief be denied. Petitioner did not object to the Magistrate's recommendation that the Court deny the Motion to Strike [19]. Respondents filed a Response [26] in Opposition to Plaintiff's Objections. Petitioner filed a Reply [27] on November 30, 2015.

## II. DISCUSSION

A.   Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

72(b)(3), the district judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." 28 U.S.C. § 636(b)(1); F.R.C.P. 72(b)(3). When there has been no objection to a magistrate judge's ruling, a clearly erroneous, abuse of discretion, and contrary to law standard is appropriate. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After conducting the required review, the district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

B.  <u>Recommendation to Deny Motion to Strike [19]</u>

Petitioner did not object to the Magistrate Judge's recommendation that the Motion [19] to Strike Respondent's Response in Opposition [18] be denied. Pet.'s Objs. [25]. The Court finds that this recommendation was not clearly erroneous or contrary to law. Both the additional Response [18] and Petitioner's Reply to the Response [20] were considered in the Report and Recommendations [24]. The Court will adopt this portion of the Magistrate's Report and Recommendations [24], and the Motion to Strike [19] will be denied.

C.  <u>Recommendation to Deny Habeas Relief</u>

Petitioner points out that the United States District Court for the Northern District of Mississippi has recently granted a writ of habeas corpus in a "nearly identical" case, *Grim v. Epps*, 2015 WL 5883163, *12 (N.D. Miss. Oct. 8, 2015), appeal filed No. 15-60720 (5th Cir.) (oral argument scheduled for the week of

February 1, 2016). Obj. [25], at 2. The Court was put on notice of the decision in *Grim* through Petitioner's Supplemental Reply [22] filed on October 9, 2015. Respondents filed a Rebuttal [23] to this supplemental briefing, also addressing *Grim*, on October 22, 2015.

*Grim* also involved a Mississippi Crime Lab analysis of a substance reported as cocaine, introduced through the testimony of a technical reviewer rather than the analyst who performed the test. *Grim*, 2015 WL 5883163, at *1 (citing *Bullcoming*, 131 S. Ct. at 2705). The Court in *Grim* granted habeas relief, finding that *Bullcoming* had clearly established a criminal defendant's right "to confront the analyst who performed the underlying analyses." *Id.*

After conducting a de novo review of the record in light of Petitioner's Objections [25], the Court is of the opinion that the facts of *Grim* are sufficiently similar to the instant case such that the more prudent course would be to reserve the question of whether Petitioner is entitled to habeas relief for consideration in light of the ultimate resolution of *Grim*, whether by the Fifth Circuit or the Supreme Court. The Court will stay this case until such time as *Grim* becomes final.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendations [24] of the United States Magistrate Judge is **ADOPTED IN PART**, and the Motion [19] to Strike Respondents' Response in Opposition [18] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this matter is **STAYED** pending the ultimate resolution of *Grim v. Epps*, No. 3:14cv134, 2015 WL 5883163 (N.D. Miss. Oct. 8, 2015), which is currently pending before the Fifth Circuit as case number 15-60720. Either party may move to lift the stay upon final resolution of *Grim*, at which time the Court will accept supplemental briefing in light of the ultimate resolution of *Grim*.

**SO ORDERED AND ADJUDGED**, this the 7th day of January, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE