IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT L. JENKINS # 38083**                                    **PETITIONER**

v.                                                                Civil No. 1:15cv28-HSO-RHW

**RON KING and MARSHALL L. FISHER**                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS [24] AND DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS [5]**

BEFORE THE COURT is the Report and Recommendations [24] of United States Magistrate Judge Robert H. Walker, recommending that the Court deny Petitioner Robert Jenkins' ("Petitioner") Amended Petition [5] for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The Report and Recommendations [24] was entered on November 4, 2015. Petitioner filed Objections [25] to the Report and Recommendations, Respondents filed an Opposition to [26] Petitioner's Objections, and Petitioner filed a Reply [27]. The parties also submitted supplemental briefing on November 30, 2016. *See* Resp't Suppl. Br. [31]; Pet'r Suppl. Br. [32].

Having considered the Report and Recommendations [24] and conducted a de novo review of the portions to which Petitioner objects, the Court finds that Petitioner's Objections [25] should be overruled. The Report and Recommendations [24] will be adopted as the finding of the Court in light of the resolution of the appeal of the judgment of the district court in *Grim v. Epps*, No. 3:14–CV–00134–DMB–DAS, 2015 WL 5883163 (N.D. Miss. Oct. 8, 2015). On March 8, 2016, the

1

United States Court of Appeals for the Fifth Circuit reversed the district court's judgment granting habeas relief, and the Supreme Court of the United States denied the petition for a writ of certiorari on October 3, 2016. *Grim v. Fisher*, 816 F.3d 296 (5th Cir. 2016), *cert denied*, No. 16-5253, 2016 WL 4083026 (U.S. Oct. 3, 2016). In light of the Fifth Circuit decision in *Grim v. Fisher*, Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2254 will be denied and the Amended Petition [5] will be dismissed with prejudice.

## I.    BACKGROUND

Following a jury trial in the Circuit Court of Harrison County, Mississippi, Petitioner Robert Jenkins was found guilty of possession of cocaine in an amount of more than 0.1 gram but less than 2 grams, in violation of Miss. Code Ann. § 41-29-139. *Jenkins v. State*, 102 So. 3d 1063, 1064 (Miss. 2012). Petitioner was classified as a habitual offender and sentenced to life imprisonment. *Id.* at 1065.

At Petitioner's trial, the State introduced a forensic laboratory report confirming that the substance Petitioner possessed was cocaine and that it weighed 0.1 gram—the minimum weight in the statutory range for the charged offense. Obj. [25] at 1. The technician from the Mississippi Crime Laboratory who tested and weighed the substance, Alison Smith ("Smith"), was unavailable to testify at trial because she was on extended medical leave. *Id.*; R. & R. [24] at 3. Instead, the lab report was introduced through the testimony of a supervisor, Timothy Gross ("Gross"), who oversaw the overall operation of the lab and had signed the report as a technical and administrative reviewer. R. & R. [24] at 3.

Gross reviewed the data from the cobalt thiocyanate test and the gas chromatography mass spectroscopy test performed by Smith, and he reached an independent conclusion from his analysis of the examination data that the substance tested was cocaine. *Id.* Gross also testified that the report indicated that the substance weighed at least 0.1 gram, but Gross did not personally weigh the sample. Pet'r Suppl. Br. [32] at 8. The policy of the lab was not to report any weight less than one tenth of a gram, but to round it to the lowest tenth of a gram in the report. *Id.* A sample reported to weigh 0.1 gram could thus weigh anywhere between 0.10 and 0.19 grams. *Id.* The weight of the substance was an issue of significance at trial; at the close of the State's evidence, Petitioner's counsel moved for a directed verdict on grounds that the State had not specifically proven that the weight of the substance was 0.1 grams. R. [16-4] at 79–80. This motion was overruled, and the jury found Petitioner guilty.

After exhausting his remedies in state court, Petitioner filed a Petition [1] for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on December 16, 2014, as well as an Amended Petition [5] on January 20, 2015. Petitioner claims that his Sixth Amendment right to confront the witnesses against him was violated when the trial court permitted the supervisor, Gross, to present testimonial evidence in place of the analyst, Smith, who actually performed the tests and weighed the sample. Pet. [1] at 5–6; Am. Pet. [5] at 6. Specifically, Petitioner argues that the Supreme Court of Mississippi's decision that his Sixth Amendment right was not violated was an unreasonable application of clearly established

3

federal law as determined by the Supreme Court in *Bullcoming v. New Mexico*, 564 U.S. 647, 652 (2011) (holding that "[t]he accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist"). Mem. Supp. Pet. [2] at 1–2.

Respondents filed an Answer [15] to the Amended Petition [5] on April 1, 2015. Petitioner filed a Rebuttal [17] on April 10, 2015. Respondents then filed an additional Response in Opposition to Petitioner's Rebuttal [18] and Petitioner filed a Reply to the Response [20]. Petitioner also filed a Supplemental Reply to Respondents' Answer [22] on October 9, 2015, to notify the Court of new persuasive authority from the United States District Court for the Northern District of Mississippi, *Grim v. Epps*, in which the district court granted habeas relief under circumstances similar to the present case. No. 3:14–CV–00134–DMB–DAS, 2015 WL 5883163 (N.D. Miss. Oct. 8, 2015). On October 22, 2015, Respondents filed a Response to Petitioner's Supplemental Briefing [23], arguing that the Court should await a decision in the *Grim* case, which had been appealed to the Fifth Circuit. Suppl. Resp. [23] at 3.

On November 4, 2015, the Magistrate Judge entered a Report and Recommendations [24], recommending that the Court deny habeas relief.[1]

---

[1] The Report and Recommendations [24] also included a recommendation that the Court deny Petitioner's Motion [19] to Strike Respondents' Response in Opposition to Petitioner's Rebuttal [18]. Petitioner did not object to this recommendation, and the Court previously

4

Petitioner filed Objections [25] to the Report and Recommendations [24] as to the Magistrate's recommendation that habeas relief be denied. Respondents filed a Response [26] in Opposition to Petitioner's Objections [25]. Petitioner filed a Reply [27] on November 30, 2015.

In an Order [28] dated January 7, 2016, the Court stayed this matter pending the ultimate resolution of the appeal of the judgment of the district court in *Grim v. Epps*, No. 3:14–CV–00134–DMB–DAS, 2015 WL 5883163 (N.D. Miss. Oct. 8, 2015). On March 8, 2016, the Fifth Circuit issued an opinion reversing the district court's judgment granting habeas relief, and the Supreme Court denied Petitioner's petition for a writ of certiorari on October 3, 2016. *Grim v. Fisher*, 816 F.3d 296 (5th Cir. 2016)*, cert denied*, No. 16-5253, 2016 WL 4083026 (U.S. Oct. 3, 2016). On November 16, 2016, this Court lifted the stay of this case and indicated that it would accept supplemental briefing from the parties in light of the outcome of the appeal in *Grim*. Order [30]. Supplemental briefing was submitted by Petitioner and Respondents on November 30, 2016. Resp't Suppl. Br. [31]; Pet'r Suppl. Br. [32].

## II. DISCUSSION

A. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the district judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, the district court need not "reiterate the findings and conclusions of the

---

adopted the Report and Recommendations [24] in part and denied Petitioner's Motion [19] to Strike Respondents' Response in Opposition [18] in an Order [28] dated January 7, 2016.

magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Nor must it consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). When there has been no objection to a magistrate judge's ruling, a clearly erroneous, abuse of discretion, and contrary to law standard is appropriate. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After conducting the required review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1) (2012).

In so reviewing Petitioner's Objections [25], the Court is mindful that Congress, through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241, *et seq.*, has restricted federal court review of habeas petitions filed on behalf of persons in state custody. *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."). 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2012) (emphasis added).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and reaches an opposite result." *Simmons v. Epps*, 654 F.3d 526, 534 (5th Cir. 2011) (quotations omitted). A decision involves "an unreasonable application of clearly established federal law" under § 2254(d)(1) "if the state court (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts; or (2) either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* (quotations omitted). A state court's application of law to facts is unreasonable only if it is "objectively unreasonable," not merely "incorrect or erroneous." *Id.* The state court's factual determinations are presumed correct pursuant to § 2254(e)(1) and may only be rebutted by clear and convincing evidence. *Id.*

"Section 2254(d) sets forth a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Miller v. Thaler*, 714 F.3d 897, 901 (5th Cir. 2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 171 (2011)). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was

7

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

B.     Recommendation to Deny Habeas Relief

The Supreme Court of Mississippi evaluated the merits of Petitioner's Sixth Amendment claim and concluded that his Confrontation Clause right was not violated. *Jenkins v. State*, 102 So. 3d 1063 (Miss. 2012). Petitioner argues that habeas relief is warranted on the grounds that the Supreme Court of Mississippi's decision rejecting his Sixth Amendment claim and affirming Petitioner's conviction was contrary to, and an unreasonable application of, clearly established precedent in *Bullcoming v. New Mexico*, 564 U.S. 647 (2011). Am. Pet. [5] at 6.

In *Bullcoming*, the prosecution introduced a forensic laboratory report certifying the results of a blood-alcohol concentration analysis during Bullcoming's trial on charges of driving while intoxicated. *Bullcoming*, 564 U.S. at 651. The analyst who personally performed the analysis and signed the certification did not testify at trial. *Id.* Instead, a different laboratory analyst who "was familiar with the laboratory's testing procedures, but had neither participated in nor observed the test on Bullcoming's blood sample" testified about the report. *Id.*

The New Mexico Supreme Court held that the testimony of the surrogate analyst satisfied the Confrontation Clause. *Id.* The Supreme Court disagreed:

> The question presented is whether the Confrontation Clause permits the prosecution to introduce a forensic laboratory report containing a testimonial certification—made for the purpose of proving a particular fact—through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification.

8

> We hold that surrogate testimony of that order does not meet the constitutional requirement. The accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist.

*Id.* at 652. Petitioner argues that, under *Bullcoming*, his Sixth Amendment right was violated when the trial court permitted the laboratory report to be introduced and allowed Gross to testify as to the nature and weight of the controlled substance because Petitioner did not have the opportunity to cross-examine Smith, the analyst who actually performed the tests and prepared the report. Am. Pet. [5] at 6.

In the Report and Recommendations [24], the Magistrate Judge concluded that the state court decision was not contrary to and did not involve an unreasonable application of clearly established federal law as stated in *Bullcoming*. R. & R. [24] at 8. The Magistrate Judge found that this case was factually materially distinguishable from *Bullcoming* because the witness in Petitioner's trial, Gross, signed the lab report himself and testified as to his independent conclusions based on his own extensive experience as a drug analyst. *Id.* at 7. Gross was the manager of the regional crime laboratory responsible for overseeing its operations and was the administrative and technical reviewer of cases within his expertise. *Id.* at 3.

While Gross did not personally observe the testing, he was Smith's supervisor and had reviewed Petitioner's entire case file. *Id.* at 3. Gross "performed procedural checks by reviewing all of the data submitted to ensure that the data supported the conclusions contained in the report" and "had 'intimate knowledge' of

9

the underlying analysis and the report prepared by the primary analyst." *Id*. at 7-8 (quoting *Jenkins v. State*, 102 So. 3d 1069 (Miss. 2012)).  In contrast, the witness who testified at trial in *Bullcoming* had not performed, observed, or reviewed the testing, did not sign the certification, and did not testify regarding his independent opinion concerning the lab results.  *Id*. at 7; *Bullcoming,* 564 U.S. at 655; 662.

The Magistrate Judge cited as persuasive authority Justice Sotomayor's concurring opinion in *Bullcoming* that emphasized "the limited reach of the Court's opinion" because *Bullcoming* was "not a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue."  R. & R. [24] at 7 (quoting *Bullcoming*, 564 U.S. at 672 (Sotomayor, J., concurring in part)).  Finding that the holding of *Bullcoming* did not necessarily extend to cases where the testifying witness was a supervisor or reviewer with a personal connection to the testing, the Magistrate Judge concluded that *Bullcoming* did not "clearly establish" the principle that testimony from anyone other than the individual who actually performed the testing on a substance would be a violation of the Confrontation Clause.  *Id*. at 7-8 (citing *United States v. Johnson*, 558 F. App'x 450, 453 (5th Cir. 2014) (recognizing that the law is unclear whether the testimony of a lab analyst's supervisor would constitute a violation under *Bullcoming*)).  Accordingly, the Magistrate Judge recommended that the request for habeas relief be denied.  *Id*. at 8.

C.     Petitioner's Objections [25]

Petitioner objects to the Report and Recommendations [24] on three grounds: (1) the state court decision was contrary to clearly established federal law because it confronted facts that were materially indistinguishable from *Bullcoming* but reached an opposite result; (2) the state court unreasonably applied the clearly established federal law of *Bullcoming* to Petitioner's case; and (3) the Magistrate Judge erred in concluding that there is uncertainty whether the *Bullcoming* holding created clearly established federal law that applied to the facts of Petitioner's case. *See* Obj. [25].

First, Petitioner contends that the Supreme Court of Mississippi's decision was contrary to clearly established federal law under § 2254(d)(1) because the Court confronted facts that were materially indistinguishable from relevant Supreme Court precedent in *Bullcoming* but reached the opposite conclusion. *Id.* at 4. Petitioner argues that this case is not materially distinguishable from *Bullcoming* because, in both cases, the prosecution introduced laboratory reports containing testimonial statements of one analyst through the in-court testimony of a second scientist who had neither performed nor observed the testing. *Id.* at 9. Petitioner claims that *Bullcoming* thus clearly established that he had a right to confront the analyst who actually performed the testing when her out-of-court testimonial report was introduced as evidence at trial. *Id.*

Petitioner also argues that the Magistrate Judge erroneously concluded that Gross testified as to his independent conclusions regarding both the nature and the

11

weight of the substance based on his own experience as a drug analyst. *Id.* at 14. Petitioner argues that even if Gross' testimony concerning his own independent opinion of the data with regards to the nature of the substance did not violate the Confrontation Clause, there is nevertheless "no basis for concluding that Gross is a constitutionally adequate surrogate witness regarding Smith's out-of-court testimonial declaration that the substance weighed 0.1 gram." *Id.* at 10.

Petitioner contends that Gross did not weigh the substance, did not observe the weighing, and could not possibly have conducted any technical review of raw data upon which to base an independent opinion as to the weight of the sample apart from relying solely on the conclusion in Smith's report. *Id* at 10-11. Petitioner points out that the Supreme Court of Mississippi did not find that Gross had formed an independent opinion as to the weight of the substance, but found only that "[b]ased on the data reviewed, Gross reached his own conclusion that the substance tested was cocaine." *Id* at 14-15 (quoting *Jenkins*, 102 So. 3d at 1069).

Petitioner further objects that the Supreme Court of Mississippi unreasonably applied *Bullcoming* to the facts of Petitioner's case when it concluded that his Confrontation Clause right had not been violated, in light of the alleged lack of material distinctions between the two cases. *Id.* at 16. Finally, Petitioner objects to the Magistrate Judge's position that the breadth of the holding of *Bullcoming* is unclear. *Id.* at 16. The Magistrate Judge was "unpersuaded that *Bullcoming* has 'clearly established' that testimony from anyone other than the analyst who performed the testing on a controlled substance would violate the right

12

of confrontation." R. & R. [24] at 8. Petitioner avers that *Bullcoming* clearly established that defendants have a Sixth Amendment right "to be confronted with the analyst who made the certification, unless the analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist." Obj. [25] at 16 (quoting *Bullcoming*, 564 U.S. at 652).

In light of the Fifth Circuit resolution of *Grim v. Fisher*, 816 F.3d 296 (5th Cir. 2016)*, cert denied*, No. 16-5253, 2016 WL 4083026 (U.S. Oct. 3, 2016), this Court concludes that Petitioner's Objections [25] should be overruled.

D.      *Grim v. Fisher*

Grim was convicted of selling cocaine, and his conviction and sentence were affirmed on appeal. *See Grim v. State*, 102 So. 3d 1123 (Miss. Ct. App. 2010). During his trial, the prosecution offered a Mississippi Crime Laboratory analysis of a substance reported as cocaine, introduced through the testimony of a technical reviewer who had signed the report instead of the analyst who personally performed the test. *Grim v. State*, 102 So. 3d 1073, 1077 (Miss. 2012). The witness who actually testified at trial had neither performed nor observed the analysis, but had reviewed the report to ensure that the analyst had followed the proper procedure to obtain the result. *Id.* Following the *Bullcoming* decision, the Supreme Court of Mississippi granted a writ of certiorari "to examine whether the trial court erred by allowing a laboratory supervisor, who neither observed nor participated in the testing of the substance, to testify in place of the analyst who had performed the testing." *Id.* at 1075.

13

In a decision that mirrors the reasoning in *Jenkins v. State*,[2] the Supreme Court of Mississippi concluded in *Grim* that it was permissible to introduce the laboratory report without violating the Confrontation Clause, even though Grim did not have an opportunity to cross-examine the analyst who actually tested the substance, because the reviewer who testified was sufficiently involved in the preparation of the report.  *Id.* at 1081.  The Supreme Court of Mississippi held that

> a supervisor, reviewer, or other analyst involved may testify in place of the primary analyst where that person was 'actively involved in the production of the report and had intimate knowledge of analyses even though [he or] she did not perform the tests first hand.' *McGowen* [*v. State*, 859 So.2d 320, 340 (Miss. 2003)]. [The technical reviewer] met this standard, and the trial court did not abuse its discretion by allowing him to testify. Grim had the opportunity to confront and cross-examine [the technical reviewer] at trial, which satisfied his Sixth Amendment right to confront the witness against him.

*Id*.  Finding no violation of the Confrontation Clause, the judgments of the Court of Appeals and the Circuit Court were affirmed.  *Id.*

The United States District Court for the Northern District of Mississippi granted Grim habeas relief, finding that the Supreme Court of Mississippi's decision was contrary to clearly established federal law because *Bullcoming* had clearly established a criminal defendant's "right to confront the analyst who performed the underlying analyses." *Grim v. Epps*, No. 3:14–CV–00134–DMB–DAS, 2015 WL 5883163, at *1 (N.D. Miss. Oct. 8, 2015).  Acknowledging that the technical reviewer in *Grim* had more significant personal involvement in the testing

---

[2] *Jenkins v. State* was decided on October 4, 2012, and *Grim v. State* was decided on October 18, 2012.

than did the witness in *Bullcoming*, the district court nevertheless found that *Grim* fell within "*Bullcoming's* doctrinal reach." *Id.* at *11. The district court concluded that Grim's right to confrontation was violated when the testifying reviewer "had absolutely no firsthand knowledge regarding what [the testing analyst] knew or observed during the course of his examination of the evidence." *Id.* at *12.

On appeal, the Fifth Circuit reversed the district court, holding that the law was not clearly established as to whether the Confrontation Clause was violated by the introduction of the laboratory analysis through the in-court testimony of the technical reviewer who had neither performed nor observed the analysis. *Grim v. Fisher*, 816 F.3d 296 (5th Cir. 2016)*, cert denied*, No. 16-5253, 2016 WL 4083026 (U.S. Oct. 3, 2016). The Fifth Circuit's analysis in reaching this conclusion is relevant to Petitioner's Objections in this case:

> [A]t most, the holding of *Bullcoming* clearly establishes that, when one scientist or analyst performs a test reported in a forensic laboratory report containing a testimonial certification—made for the purpose of proving a particular fact—and the prosecution introduces the report and certification to prove that particular fact, the Confrontation Clause forbids the prosecution from proving that particular fact through the in-court testimony of a scientist or analyst **who neither signed the certification** nor performed or observed the test reported in the certification. *Bullcoming* does not clearly establish what degree of involvement with the forensic testing, beyond what was present in *Bullcoming*, is required of a testifying witness. In other words, at most, *Bullcoming* holds that if scientist A performed the test, the prosecution cannot prove a particular fact contained in scientist A's testimonial certification by offering the in-court testimony of scientist B, if scientist B neither signed the certification nor performed or observed the test. But *Bullcoming* does not hold that scientist B cannot testify even if he has a sufficient degree of involvement with the forensic testing.

*Id.* at 307 (emphasis added).

15

The Fifth Circuit distinguished the degree of the witness's involvement in the forensic analysis in *Grim* from *Bullcoming*, in which the testifying witness played no role at all in performing the analysis, did not review or observe the testing, and did not sign the analysis certification. *Id.* at 307-08. The testifying technical reviewer in *Grim* had instead

> examined the analyst's report and all of the data, including everything the analyst did to the item of evidence; ensured that the analyst did the proper tests and that the analyst's interpretation of the test results was correct; ensured that the results coincided with the conclusion in the report; agreed with a reasonable degree of scientific certainty with the examinations and results of the report; and signed the report.

*Id.* at 310. The court concluded that *Bullcoming* did not clearly establish that the Confrontation Clause is violated when a testimonial laboratory report is introduced through the in-court testimony of a technical reviewer who both "signed the report and was more involved in the testing and report preparation than was the witness in *Bullcoming*." *Id.*

While recognizing that Justice Sotomayor's concurring opinion in *Bullcoming* is not clearly established federal law, the Fifth Circuit found that her opinion "provides support for [the] conclusion that *Bullcoming* does not clearly establish what degree of involvement with the forensic testing, beyond what was present in *Bullcoming*, is required of a testifying witness." *Id.* at 308 n.6; *see Bullcoming*, 564 U.S. at 671 (Sotomayor, J., concurring in part) ("We need not address what degree of involvement is sufficient because here [the testifying witness] had no involvement whatsoever in the relevant test and report."). The court noted that "[w]idespread

16

disagreement among courts regarding *Bullcoming* further supports the conclusion that the Supreme Court has not clearly established what degree of involvement with the forensic testing is required of an in-court witness." *Grim*, 816 F.3d at 309. Because the law regarding the scope of *Bullcoming* was not clearly established, the Fifth Circuit concluded that the decision of the Supreme Court of Mississippi was neither contrary to nor an unreasonable application of clearly established federal law, and therefore Grim was not entitled to habeas relief. *Id.* at 310.

The only significant factual difference between *Grim* and the instant case is that the weight of the substance was not at issue in the prosecution of Grim, whereas in Petitioner's case, the testimonial laboratory report concerned not only the nature of the substance but also its weight. Am. Pet. [5] at 6. The testifying witnesses in both cases were supervisors who performed procedural checks, conducted technical reviews, and had the same level of involvement in the analyses and preparation of the reports. *Compare Jenkins*, 102 So. 3d at 1069, *with Grim*, 816 F.3d at 310. Because Gross was "a technical reviewer who signed the report and was more involved in the testing and report preparation than was the witness in *Bullcoming*," the Court concludes that the Fifth Circuit's analysis in *Grim* applies to both the testimony concerning the nature of the controlled substance as well as the testimony concerning its weight, and that the facts of the case are much closer to *Grim* than to those in *Bullcoming*. *Grim*, 816 F.3d at 310.

17

III. CONCLUSION

After conducting a de novo review of the record in light of Petitioner's Objections [25] and Supplemental Brief [32], the Court is of the opinion that the facts of *Grim v. Fisher* are sufficiently similar to the instant case such that Petitioner is not entitled to habeas relief in light of the Fifth Circuit's resolution of that appeal. 816 F.3d 296 (5th Cir. 2016); *see also Williams v. Vannoy*, No. 14-31067, 2016 WL 5376202, at *1 (5th Cir. Sept. 26, 2016) (finding that the Confrontation Clause was not violated when "the supervisor of the DNA laboratory testified as an expert who had a personal connection to the scientific testing and actively reviewed the results of the forensic analyst's testing and signed off on the report").

The Court agrees with the Magistrate Judge that the facts of *Bullcoming* are materially distinguishable from the instant case, in which the testifying supervisor Gross reviewed the testing analyst's work, signed the laboratory report himself, and formed independent conclusions based on his own knowledge of the laboratory's procedures and his extensive experience as a drug analyst. *See* R. & R. [24] at 7. Because the law is not clearly established as to whether the degree of involvement between the testifying witness in this case, Gross, and the forensic analysis introduced at Petitioner's trial violates the Confrontation Clause, the Court finds that the decision of the Supreme Court of Mississippi was not contrary to clearly established federal law, nor was its application of the law objectively unreasonable.

Petitioner's Objections [25] will be overruled and the Court will adopt the Magistrate Judge's recommendation that habeas relief be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner's Objections [25] to the Report and Recommendations [24] of Magistrate Judge Robert H. Walker are **OVERRULED**, and the Report and Recommendations [24] is **ADOPTED** as the finding of the Court, along with the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Robert Jenkins' Amended Petition for Writ of Habeas Corpus [5] filed pursuant to 28 U.S.C. § 2254 is **DENIED**, and this case will be dismissed with prejudice. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 3rd day of January, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE